1

2

3

4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    WILLIAM SONO,                          Case No. 24-cv-08581-JST

8                    Plaintiff,

9           v.                              **ORDER GRANTING MOTION TO DISMISS**

10   GEORGIA-PACIFIC CORRUGATED             Re: ECF No. 4
     LLC, et al.,

11                    Defendants.

12

13          Before the Court is Defendants' motion to dismiss.  ECF No. 4.  The Court finds this

14   matter suitable for resolution without oral argument, *see* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b),

15   and will grant the motion.

16          Defendants move to dismiss Plaintiff's complaint on the grounds that "[a]ll of the eleven

17   causes of action alleged by Plaintiff fail to meet the basic pleading requirements under FRCP Rule

18   8(a) that Plaintiff must plead his claim with sufficient specificity to 'give the defendant fair notice

19   of what the . . . claim is and the grounds upon which it rests.'"  ECF No. 10 at 8 (quoting Fed. R.

20   Civ. P. 8).

21          The argument section of Plaintiff's opposition to the motion reads, in its entirety, as

22   follows:

23          "To survive a motion to dismiss, a complaint must contain sufficient
            factual matter, accepted as true, to "state a claim to relief that is
24          plausible on its face."  []  A claim has facial plausibility when the
            plaintiff pleads factual content that allows the court to draw the
25          reasonable inference that the defendant is liable for the misconduct
            alleged.  []  The plausibility standard is not akin to a "probability
26          requirement," but it asks for more than a sheer possibility that a
            defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662,
27          678 (2009) (internal citations omitted).

28          When a complaint's allegations are capable of more than one

United States District Court
Northern District of California

inference, the court must adopt whichever plausible inference supports a valid claim.  Starr v. Baca 652 F3d 1202, 1216 (9th Cir. 2011).  "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009); Garcia-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).

The choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion.  The court cannot dismiss a complaint that alleges a "plausible version of the events merely because the court finds a different version more plausible."  AndersonNews, L.L.C. v. American Media, Inc., 680 F3d 162, 185 (2nd Cir. 2012); see HDC,LLC v. City of Ann Arbor, 675 F3d 608, 613 (6th Cir. 2012) ("mere existence of an 'eminently plausible' alternative, lawful explanation . . . not enough to dismiss a complaint raising a plausible claim").

Plaintiff's Complaint plausibly alleges the causes of action pled.  See Complaint paragraphs 6-11.

ECF No. 12 at 4–5 (alterations in original).

Paragraphs 6 through 11 of the complaint read as follows:

6.  Defendants subjected Plaintiff to discrimination/harassment/ retaliation on the bases of disability, request for and exercise of reasonable accommodation, opposition to/disclosure of/refusal to perform discrimination/harassment/retaliation, opposition to/ disclosure of/refusal to perform violation of the law, opposition to/ disclosure of/refusal to perform an unsafe work environment, opposition to/disclosure of/refusal to perform Labor Code violations, assertion of rights under the Labor Code.

7.  Defendant failed to engage in a timely good faith interactive process and provide reasonable accommodation for Plaintiffs disabilities.

8.  Defendant's failure to provide reasonable accommodation caused and exacerbated Plaintiffs physical injuries and disabilities.

9.  Defendant subjected Plaintiff to increased scrutiny, unlawful instructions, termination, and failure to reinstate to a discrimination free work environment.

10.  Defendants' actions constitute disparate impact and disparate treatment.  discrimination.  [sic]

11.  Plaintiff has received a Right to Sue letter from the California Civil Rights Department and has thus exhausted all necessary administrative remedies[.]

1   ECF No. 1–3 at 7–8.

2          Plaintiff's opposition correctly recites the law (albeit relying on out-of-circuit authority at

3   times), but the allegations in the complaint fail to satisfy federal pleading standards.  As the

4   Supreme Court explained in *Iqbal*, a case on which Plaintiff relies:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must
> contain a "short and plain statement of the claim showing that the
> pleader is entitled to relief."  As the Court held in [*Bell Atlantic
> Corp. v.*] *Twombly*, the pleading standard Rule 8 announces does not
> require "detailed factual allegations," but it demands more than an
> unadorned, the-defendant-unlawfully-harmed-me accusation.
> A pleading that offers "labels and conclusions" or "a formulaic
> recitation of the elements of a cause of action will not do."  Nor does
> a complaint suffice if it tenders "naked assertion[s]" devoid of
> "further factual enhancement."

11  *Iqbal*, 556 U.S. at 677–78 (second alteration in original) (citations omitted).  The factual

12  allegations on which Plaintiff relies, as excerpted in full above, are what the Supreme Court has

13  instructed "do not suffice"—namely, "[t]hreadbare recitals of the elements of a cause of action,

14  supported by mere conclusory statements."  *Id.* at 678.

15          Accordingly, Defendants' motion to dismiss is granted.  The Court grants leave to amend

16  because it does not conclude "that the pleading could not possibly be cured by the allegation of

17  other facts."  *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th

18  Cir. 1990).  Any amended complaint must be filed within 21 days of the date of this order.  Failure

19  to file an amended complaint by that date will result in dismissal of this case with prejudice.

20  Plaintiff may not add any new defendants or claims for relief absent a stipulation from Defendants

21  or a successful motion for leave to amend.  *See* Fed. R. Civ. P. 15(a)(2).

22          The March 4, 2025 case management conference is continued to April 8, 2025 at 2:00 p.m.

23  A joint case management statement is due by April 1, 2025.

24          **IT IS SO ORDERED.**

25  Dated:  January 8, 2025

26

27                                                JON S. TIGAR
                                                  United States District Judge

28

United States District Court
Northern District of California